UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **William Johnson,** | ) | **CASE NO. 1:16 CV 2553** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Calhoun Funeral Hjomes, Inc., et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion to Dismiss Defendant Calhoun Funeral Homes, Inc.'s Counterclaim (Doc. 12). Plaintiff, a former employee of Defendant Calhoun Funeral Home, Inc. ("CFHI"), brought this action alleging claims under the Fair Labor Standards Act and the Ohio Civil Rights Act. In responding to Plaintiff's Complaint, CFHI brought claims for breach of contract, unjust enrichment, and promissory estoppel. Plaintiff now moves to dismiss those counterclaims. For the reasons that follow, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART.

**FACTS**

Plaintiff was an employee of CFHI from 2006 until August 23, 2016, when CFHI alleges that he walked off of the job. (Defs.' Counterclaim ¶ 1). During his employment, Plaintiff informed Byron Calhoun, owner of CFHI, that he was having financial difficulties. To help Plaintiff avoid bankruptcy, CFHI agreed to pay off some of Plaintiff's personal debts, with the understanding that Plaintiff would repay CFHI once his financial difficulties subsided. On July 6, 2015, CFHI paid Plaintiff's debts in the amount of $6,446.76, which Plaintiff has not repaid. (*Id.* ¶¶3-6).

On October 19, 2016, Plaintiff filed this lawsuit, alleging that CFHI and Calhoun Funeral Home, LLC, failed to pay him overtime wages and discriminated against him based on his disability. CFHI filed a counterclaim for breach of contract, unjust enrichment, and promissory estoppel based on Plaintiff's failure to reimburse CFHI for the amount that it paid Plaintiff's creditors. Plaintiff now moves to dismiss those counterclaims. CFHI opposes Plaintiff's motion.

**STANDARD OF REVIEW**

When considering a motion to dismiss under Rule 12(b)(6), the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Hensley Mfg. v.*

*ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of "entitlement to relief."

*Id.* at 1949 (citations and quotations omitted).

**ANALYSIS**

**A. Breach of Contract**

Plaintiff first argues that CFHI's breach of contract claim should be dismissed because the alleged contract at issue is subject to Ohio's Statute of Frauds, Ohio Revised Code § 1335.05, so it must have been in writing to be valid. Plaintiff relies on this language from § 1335.05 in support of his argument: "No person shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person...unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith." Under this provision, an

3

oral promise to answer for the debt of another is generally unenforceable. *Trans Gear, Inc. v. Lichtenberger*, 128 Ohio App. 3d 504, 509, 715 N.E.2d 608, 610 (1998). Here, the debt at issue is Plaintiff's *own* debt, not the debt of another. Indeed, he admits this in his motion to dismiss: "The alleged contract is a contract of indefinite duration that is meant to pay for *Plaintiff's* debts." (Pl.'s Mot. to Dismiss at 2) (emphasis added). Thus, § 1335.05 is inapplicable.

Plaintiff next argues that, even if the Statute of Frauds does not apply, the breach of contract claim should be dismissed because he has not yet breached any alleged contract. In support, he notes that CFHI did not allege that Plaintiff's financial difficulties have subsided, so the breach of contract claim is premature. In response, CFHI does not dispute that the time for performance has not arisen but argues that Plaintiff anticipatorily breached the agreement by "filing a suit for damages against CFHI without taking into account the amount he owed CFHI under the 2015 oral agreement." (Defs.' Br. in Opp. at 5).

An anticipatory repudiation occurs when one party to a contract refuses to perform under the terms of the contract. *Blake Homes, Ltd. v. FirstEnergy Corp.*, 173 Ohio App. 3d 230, 244, 87 N.E.2d 1041, 1051 (2007). "'An anticipatory breach of contract by a promisor is a repudiation of the promisor's contractual duty before the time fixed for performance has arrived.'" *Sunesis Trucking Co. v. Thistledown Racetrack, L.L.C.*, 22 N.E.3d 190, 195–96 (Ohio Ct. App. 2014). To constitute a breach, a repudiation of a contract must be unequivocal. *Id.* A mere expression of doubt as to willingness or ability to perform is insufficient to constitute a repudiation. *Se. Land Dev., Ltd. v. Primrose Mgt. L.L.C.*, 2011 Ohio 2341, ¶ 7, 193 Ohio App. 3d 465, 472, 952 N.E.2d 563, 568–69 (citations omitted). A "repudiation" is "(1) a statement by the obligor to the obligee indicating that the obligor will commit a breach that would of itself

4

give the obligee a claim for damages for total breach, or (2) a voluntary affirmative act which renders the obligor unable or apparently unable to perform without such a breach." *Id.*

Here, Plaintiff's action in filing a lawsuit for claims that are unrelated to his alleged contract to repay CFHI is not an "unequivocal" repudiation of the contract. Nor does any statement in Plaintiff's Amended Complaint, his motion to dismiss, or his reply brief indicate his unequivocal intention not to perform the contract. Because CFHI has not alleged that the time for performance has passed or that Plaintiff has unequivocally refused to perform, and its allegations do not plausibly support that Plaintiff anticipatorily repudiated the contract, its breach of contract claim is dismissed.

### B. Unjust Enrichment

Next, Plaintiff moves to dismiss CFHI's unjust enrichment claim. Unjust enrichment occurs "when a party retains money or benefits which in justice and equity belong to another." *Dailey v. Craigmyle & Son Farms, L.L.C.*, 177 Ohio App. 3d 439, 449, 894 N.E.2d 1301, 1309 (2008). To state a claim for unjust enrichment, CFHI must allege: (1) that it conferred a benefit upon Plaintiff; (2) knowledge by Plaintiff of the benefit; and (3) that Plaintiff retained the benefit under circumstances where it would be unjust to do so without payment. *Hambleton v. R.C. Barry Corp.*, 12 Ohio St. 3d 179, 183 (1984) (citations omitted). Under Ohio law, the benefitted party need not act improperly before an unjust enrichment claim can be upheld. Instead, unjust enrichment can result "from a failure to make restitution where it is equitable to do so. That may arise when a person has passively received a benefit which it would be unconscionable for him to retain" without paying compensation. *Reisenfeld & Co. v. Network Group, Inc.*, 277 F.3d 856, 860-61 (quoting *Cosby v. Cosby*, 141 Ohio App.3d 320, 327, 750 N.E.2d 1207 (12th Dist. 2001)).

Plaintiff argues that CFHI has failed to allege any facts showing that Plaintiff has retained a benefit because repayment of the benefit is not yet due. CFHI's unjust enrichment claim, however, is pled in the alternative to its breach of contract claim and is not premised on the alleged oral agreement between CFHI and Plaintiff. Rather, CFHI alleges that it conferred a benefit upon Plaintiff by repaying his debts, that Plaintiff was aware that CFHI made the payments, and that Plaintiff has been unjustly enriched by not repaying CFHI. CFHI has pled enough facts to state a claim for unjust enrichment that is plausible on its face. Plaintiff's argument that payment is not yet due goes to whether it would be unjust under the circumstances for him to retain the benefit that CFHI has conferred on him, which is a factual question not appropriate for resolution on a motion to dismiss. Plaintiff's motion to dismiss this claim is, therefore, denied.

**C.  Promissory Estoppel**

Finally, Plaintiff moves to dismiss CFHI's promissory estoppel claim. The Ohio Supreme Court has adopted the Restatement's definition of promissory estoppel: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only be enforcement of the promise." *Talley v. Teamsters Local No. 377*, 48 Ohio St. 2d 142, 146, 357 N.E.2d 44 (1976) (quoting Restatement of the Law, Contracts 2d, § 90); *see also Shampton v. Springboro*, 98 Ohio St. 3d 457, 461, 786 N.E.2d 883, 887 (2003). To state a claim for promissory estoppel, CFHI must allege "a clear and unambiguous promise and reliance by the party to whom the promise is made. The reliance must be reasonable and foreseeable, and the party relying on the promise must have been injured by the reliance." *Dailey v. Craigmyle & Son*

6

*Farms, L.L.C.*, 177 Ohio App. 3d 439, 446-47, 894 N.E.2d 1301, 1306-07 (2008). Whether the defendant made "a clear and unambiguous promise" is a question of fact. *Id.*

Plaintiff argues that CFHI has not alleged a clear and unambiguous promise because it does not allege when Plaintiff was required to repay the debt. In its promissory estoppel claim, CFHI alleges that "[Plaintiff] promised CFHI that, if it paid off his personal debts, [Plaintiff] would reimburse CFHI for the amount paid." In reliance on this promise, CFHI paid $6,446.76 to Plaintiff's creditors. (Counterclaim ¶¶ 17-18). Earlier, in its breach of contract claim, CFHI alleged that it agreed to pay the debts with the understanding that Johnson would repay CFHI once his financial difficulties subsided. (*Id.* 4). Plaintiff has not cited any cases where a promise of repayment at a future date under circumstances such as this are too ambiguous or too unclear to support a promissory estoppel claim. At this early stage of the litigation, without the benefit of discovery, the Court cannot say with certainty that Plaintiff's promise was not, as a matter of law, sufficiently clear and unambiguous.[1] Thus, Plaintiff's motion to dismiss CFHI's promissory estoppel counterclaim is denied.

---

[1] Plaintiff argues for the first time in his reply brief that the promissory estoppel claim should be dismissed because CFHI did not plead that his conduct was misleading. The Restatement's definition of promissory estoppel, as adopted by the Ohio Supreme Court, does not require that the promise be misleading. Moreover, at least one Ohio appellate court has recently held that "false, misleading, or fraudulent statements are not a required element of promissory estoppel." *A N Bros. Corp. v. Total Quality Logistics, L.L.C.*, 59 N.E.3d 758, 770 (Ohio Ct. App. 2016). Thus, CFHI's failure to plead that Plaintiff misled it is not a basis for dismissing this claim.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Dismiss Defendant Calhoun Funeral Homes, Inc.'s Counterclaim is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/17/17